IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| **Nadia Rover,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | **1:25-cv-485** |
| **Commonwealth Hotels Inc.,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

Nadia Rover (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Commonwealth Hotels Inc. (hereinafter "Defendant") and seeks redress for sexual harassment suffered in her capacity as an employee of Defendant. Plaintiff has been discriminated against by Defendant on account of Plaintiff's sex in violation of Title VII of the Civil rights Act of 1964 and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## **PARTIES**

1. Plaintiff is a resident of Mobile County, Alabama and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

3. Defendant is a foreign corporation incorporated under the laws of Kentucky, with its principal place of business being in the State of Kentucky. Defendant's registered agent is C T Corporation System, which can be served process at 2 North Jackson St. Ste 605, Montgomery, AL 36104.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, over counts I and II of this action because they arise under the law of the United States, and this Court has supplemental jurisdiction over Counts III-VI of this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Mobile County, Alabama, which lies within the Mobile Division of the United States District Court for the Southern District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

6. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about August 22, 2024, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

7. On August 28, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "<u>Exhibit A</u>".

## FACTS

8. For all times relevant to this Complaint, Plaintiff is a female and a member of a protected class.

9. In or around April 2024, Plaintiff began her employment for Defendant as a housekeeper working on the dayshift.

10. On or about June 15, 2024, Plaintiff, as she was clocking out for the day, was approached by a male co-employee, Marvin (last name unknown), who then stated, "Hey sexy Shay, How are you doing?" and inquired if he could have sex with Plaintiff in exchange for money by stating, "Can I get you to come up here at night? I can pay you."

11. Based on Marvin's tone and conduct, Plaintiff knew that Marvin was attempting to solicit sex from her in exchange for money.

12. Following Marvin's comment and request for sex, Plaintiff reported the comment and request to her supervisor, Dorthy, who responded that she would "handle it".

13. On or about June 16, 2024, Dorthy told Plaintiff that she was not the first female employee that Marvin had made sexual comments to and that he had "ran off" other female employees before.

14. On or about July 11, 2024, Marvin approach Plaintiff against calling her "Sexy Shay" and said he "was wondering if I could eat that thing" (whether he could engage in oral sex with Plaintiff).

15. Following Marvin's conduct, Plaintiff reported Marvin to Defendant, again, and provided a written statement about Marvin's conduct.

16. Despite, Plaintiff's two reports, Defendant failed/refused to take reasonable action regarding Marvin's conduct, or to prevent future discrimination.

17. On or about July 14, 2024, Plaintiff, who began receiving threats from Marvin's family members, and Defendant's failure to terminate Marvin, felt as if she had no other option but to resign from her employment out of fear of bodily harm.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000 ET SEQ.
(HOSTILE WORK ENVIRONMENT)

18. Plaintiff repeats and re-alleges paragraphs 1-17 as if fully set forth herein.

19. Starting in or around June 15, 2024, Plaintiff was subjected to subjected to sexually charge comments and requests for sexual activity by her male co-employee, Marvin.

4

20. Marvin's conduct left Plaintiff feeling embarrassed, humiliated, and in fear for her bodily safety.

21. Plaintiff reported these Marvin's sexual comments and propositions to Defendant, and Plaintiff's supervisor informed Plaintiff that Plaintiff was not the first individual that Marvin had made sexual comments to and had "ran off" other female employees in the past.

22. Defendant either knew or should have known about Marvin's previous sexually charge conduct toward female employees; however, did nothing to correct Marvin's behavior or prevent future conduct.

23. Because of Marvin's sexually charged and harassing conduct, Plaintiff's essential job functions and terms of her employment were altered and left her subjected to a physically threatening environment.

24. Defendant, through its failure/refusal, to take the reasonable and necessary steps to correct and prevent Marvin from harassing Plaintiff and other female co-employes, affirmed and ratified Marvin's behavior and created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

25. Defendant's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended,

were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

26. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's unlawful discrimination.

   **WHEREFORE**, Plaintiff prays that this Honorable Court will:

   A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

   B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

   C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

   D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper

## COUNT II:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000 ET SEQ.
### (CONSTRUCTIVE DISCHARGE)

27. Plaintiff repeats and re-alleges paragraphs 1-17 as if fully set forth herein.

28. Starting in June 2024, Plaintiff was subjected to sexual harassment by her male co-employee, Marvin, and, by Defendant's ratification and/or affirmation of Marvin's conduct, subjected to a hostile work environment based on Plaintiff's sex.

29. After Plaintiff complained to Defendant about Marvin's conduct, Plaintiff began to be threatened by Marvin's family members and began to fear for her bodily safety.

30. As a result of Defendant's failure to take the reasonable and necessary action regarding Marvin's harassment towards her, Defendant's knowledge that Marvin had harassed other female co-employees in the past, and Marvin's family members threats against her, Plaintiff began to fear for her physical safety.

31. Believing that she had no other option, and in fear of her safety, Plaintiff resigned from her employment.

32. Defendant, by failing to prevent Marvin from harassing Plaintiff and failing to take reasonable and necessary actions to prevent future harm to Plaintiff, created a hostile work environment that no reasonable person could endure, and caused Plaintiff to resign from her employment.

33. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited

to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper

## COUNT III
## INVASION OF PRIVACY

34. Plaintiff adopts and re-alleges paragraphs 1-17 as if fully set forth herein.

35. Plaintiff's Invasion of Privacy Claim arises under the State Laws of Alabama.

36. Plaintiff, while working within the line and scope of her employment, was subjected to an invasion of privacy by Defendant's employee, Marvin, by being subjected to multiple sexual comments and requests for Plaintiff to engage in sexual activities with Marvin.

37. Defendant's employee's conduct invaded on Plaintiff's privacy by subjecting Plaintiff to sexually harassing questions and comments.

38. The conduct intentionally intruded upon Plaintiff's solitude, private affairs, and concerns.

39. The conduct was highly offensive and caused Plaintiff emotional distress, mental anguish, shame, and humiliation.

40. Plaintiff notified Defendant of the employee's conduct and was subsequently notified that Plaintiff was not the first individual that the employee had sexually harassed.

41. Defendant knew or should have known about the employee's invasion of privacy and harassing conduct but failed to take prompt, effective, reasonable, or necessary action to cure or prevent the conduct and allowed the offensive conduct to continue.

42. Defendant, by its failure to take reasonable and necessary action to cease the employee's conduct and prevent future harassment and invasion of privacy, ratified the employee's conduct.

43. Defendant's conduct and ratification caused Plaintiff to suffer sever emotional distress, mental anguish, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages, including punitive damages, as a jury may determine to be appropriate, interest, and cost for this action.

## COUNT IV
## OUTRAGE

44. Plaintiff adopts and re-alleges paragraphs 1-17 as if fully set forth herein.

45. Plaintiff's Outrage claim arises under the State Laws of Alabama.

46. Plaintiff, while working within the line and scope of her employment, was subjected to outrageous and intentional infliction of emotional distress by Defendant's employee, Marvin, by being subjected to multiple sexual comments and requests for Plaintiff to engage in sexual activities with Marvin.

47. Defendant knew or should have known about its employees outrageous and intentional infliction of emotional distress and ratified the employees actions by failing/refusing to take prompt, reasonable, and necessary steps to correct the conduct and prevent future conduct.

48. Furthermore, Defendant knew or should have known that Marvin had engaged in outrageous and intentional infliction of emotional distress to previous female employees, but refused to take prompt, reasonable, and necessary steps to correct Marvin's conduct thus preventing subjecting Plaintiff to the above stated conduct.

49. Defendant's employees conduct and Defendant's ratification of such conduct, as stated above, was extreme, outrageous, beyond the boundaries of decency in a civilized society, intentional, done with malice, or with a reckless disregard for Plaintiff, and was the direct and/or proximate cause of great emotional distress, loss of self-esteem, anxiety, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages, including punitive damages, as a jury may determine to be appropriate, interest, and cost for this action.

## COUNT V
## NEGLIGENT AND/OR WANTON SUPERVISION

50. Plaintiff adopts and re-alleges paragraphs 1-17 as if fully set forth herein.

51. Plaintiff's Negligent and/or Wanton Supervision claim arises under the State Laws of Alabama.

52. Plaintiff, while working within the line and scope of her employment, was subjected sexual harassment by Defendant's employee, Marvin, by being subjected to multiple sexual comments and requests for Plaintiff to engage in sexual activities with Marvin.

53. Defendant knew or should have known about Marvin's previous sexual harassment of female employees and failed to take adequate, reasonable, or necessary steps to correct Marvin's conduct and prevent future tortious conduct.

54. By failing to take adequate, reasonable, or necessary steps, Defendant's actions and/or inactions was the direct and/or proximate cause for Plaintiff to suffer injuries and damages, including but not limited to, severe emotional distress, embarrassment, humiliation, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages, including punitive damages, as a jury may determine to be appropriate, interest, and cost for this action.

## COUNT VI
## NEGLIGENT AND/OR WANTON RETENTION

55. Plaintiff adopts and re-alleges paragraphs 1-17 as if fully set forth herein.

56. Plaintiff's Negligent and/or Wanton Supervision claim arises under the State Laws of Alabama.

57. Plaintiff, while working within the line and scope of her employment, was subjected sexual harassment by Defendant's employee, Marvin, by being subjected to multiple sexual comments and requests for Plaintiff to engage in sexual activities with Marvin.

58. Defendant knew or should have known about Marvin's previous sexual harassment of female employees and failed to take adequate, reasonable, or necessary steps to correct Marvin's conduct and prevent future tortious conduct.

59. By Defendant's retention of Marvin despite either knowing or should have knowing about Marvin's previous conduct, Defendant knew or should have known that Marvin's conduct would continue.

60. Defendant, by its retention of Marvin, was the direct and/or proximate cause for Plaintiff to suffer the tortious conduct mentioned above, and cause Plaintiff to suffer severe emotional distress, mental anguish, humiliation, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages, including punitive damages, as a jury may determine to be appropriate, interest, and cost for this action.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

                                                */s/ Jon-Kaden Mullen*
                                                D. Jeremy Schatz
                                                Jon-Kaden Mullen
                                                *Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

        **Please Serve Defendants By Certified Mail As Follows:**

**Commonwealth Hotels LLC**
**c/o C T Corporation System**
**2 North Jackson St Ste 605**
**Montgomery, AL 36104**